UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>SEDLEZKY, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01400-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

  Plaintiff James Harrison is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 27, 2012.

**I.**

**SCREENING REQUIREMENT**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

1

1 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
2 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the
3 deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d
4 1011, 1020-1021 (9th Cir. 2010).

5      Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
6 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
7 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
8 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
9 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
10 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
11 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
12 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
13 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

16      On June 14, 2011, Plaintiff informed correctional officer Atkinson that his food tray was not
17 vegetarian and asked him if staff could provide him the correct food.  Atkinson said okay and left.
18 Atkinson later returned and told Plaintiff the food tray was vegetarian.  Plaintiff told Atkinson that he
19 was holding the tray until he could show someone that it was not vegetarian.  Correctional officer
20 Sedlezky went to Plaintiff's cell and Plaintiff informed him the same thing and requested to talk to a
21 Sergeant.  Sedlezky stated that he would not call anyone and ordered Plaintiff to return his food tray.
22 Plaintiff responded that he would only return the food tray to a Sergeant, and Sedlezky walked away.
23 Atkinson and Sedlesky returned to Plaintiff's cell and ordered correctional officer Oddie, who was
24 working in the control tower, to open Plaintiff's cell door.  Atkinson and Sedlesky retrieved the food
25 tray from Plaintiff's cell without incident.  Plaintiff then started to put paper on the windows and
26 Atkinson ordered Plaintiff to take it off.  Plaintiff refused, and Plaintiff's cell door was opened and
27 Sedlezky sprayed Plaintiff with pepper spray and Atkinson sprayed Plaintiff's cellmate.  Atkinson and
28 Sedlezky falsified their reports to cover up their wrongdoing.

On September 7, 2011, Plaintiff filed a complaint against officers Atkinson and Sedlezky regarding the false report. Appeals coordinator S. Tallerico's violated Plaintiff's due process rights by protecting defendants Atkinson and Sedlesky by failing to correct the false report that was sent to the Office of Internal Affairs.

## II.

## DISCUSSION

### A. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

By Plaintiff's own admission, he did not comply with the orders to return his food try and continued to cover the windows with paper, and refused the direct order to remove the paper until his compliance was forced through the application of pepper spray. Plaintiff's allegations fall short of stating a plausible claim that the decision to use pepper spray to quell the inmate disturbance was anything other than a good faith effort to restore discipline in the facility. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (two bursts of pepper spray to break up inmate fight not excessive force in violation of the Eighth Amendment); Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (use of small amounts of tear gas after adequate warning may be a necessary prison technique where an

1 inmate refuses to move from a cell); Jones v. Shields, 207 F.3d 491, 496 (8th Cir. 2000) (holding
2 correctional officer's use of pepper spray was tempered response when used to subdue a recalcitrant
3 prisoner who was refusing to work and disobeying orders); Soto v. Dickey, 744 F.2d 1260, 1270 (7th
4 Cir. 19874) (holding use of mace to obtain compliance of recalcitrant inmate was reasonable response
5 whether the inmate is locked in a cell or not.)  While Plaintiff alleges the officers use of pepper spray
6 was malicious and for the purpose of causing harm, at the very least, it is equally plausible that the
7 force was applied in a good-faith effort to restore discipline.  The Court is aware that this is the
8 pleading stage, however, the allegations of the complaint demonstrate no real possibility that
9 misconduct occurred to support an Eighth Amendment claim against Defendants Atkinson and
10 Sedlezky.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

11 　　　In addition, the mere fact that correctional officer A. Oddie, who was working the control
12 tower, unlocked Plaintiff's door cell in order for Defendants Atkinson and Sedlesky to gain entrance,
13 does not rise to the level of an Eighth Amendment violation.   First, Plaintiff has not sufficiently
14 alleged that the use of force here was excessive.  Second, Plaintiff fails to allege facts with indicate
15 that Defendant Oddie had the opportunity to intervene.

16 　　　The Court will grant Plaintiff an opportunity to amend this claim.  In order to state a
17 cognizable claim for excessive force in an amended complaint, Plaintiff must set forth truth facts, not
18 just speculation or suspicion, which support his allegation that under the circumstances, each named
19 Defendant acted maliciously, sadistically, and was motivated by a desire to cause harm to Plaintiff.  If
20 Plaintiff choses to amend the complaint, he is advised that the Court is mindful of the fact that the use
21 of pepper spray was in response to his refusal to obey the order to remove the paper covering the cell
22 window, and he should exercise caution in attempting to amend this claim to state otherwise.

23 　　　**B.**　　　**Inmate Appeals**

24 　　　"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of
25 life, liberty, or property; and those who seek to invoke its procedural protection must establish that one
26 of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).
27 Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he
28 cannot pursue a claim for denial of due process with respect to the handling or resolution of his

1  appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639,
2  640 (9th Cir. 1988)).

3       Defendant Tallerico's actions in responding to Plaintiff's appeal, alone does not give rise to
4  any claims for relief under section 1983 for violations of due process. See Buckley v. Barlow, 997
5  F.2d 494, 495 (8th Cir. 1993) (actions in reviewing a prisoner's administrative appeal cannot serve as
6  the basis for liability under § 1983.) Thus, the fact that Defendant Tallerico processed Plaintiff's
7  inmate appeal and failed find in his favor does not state a cognizable claim for relief.

## IV.

## CONCLUSION AND ORDER

10      For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be
11 granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v.
12 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by
13 adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir.
14 2007) (no "buckshot" complaints).

15      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
16 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
17 Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties
18 and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a
19 constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as
20 true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .
21 . . ." Twombly, 550 U.S. at 555 (citations omitted).

22      Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc.,
23 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be
24 "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All
25 causes of action alleged in an original complaint which are not alleged in an amended complaint are
26 waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.
27 1981)); accord Forsyth, 114 F.3d at 1474.

28 ///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed August 27, 2012, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 31, 2013**

UNITED STATES MAGISTRATE JUDGE