# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARRISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEDLEZKY, et al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-01400-SAB<br><br>ORDER SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT AND DISMISSING CLAIMS WITHOUT LEAVE TO AMEND<br><br>ECF NO. 11 |

**I.**

**INTRODUCTION**

Plaintiff James Harrison ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on August 27, 2012. (ECF No. 1.) The Court screened and dismissed the original complaint on October 31, 2013. (ECF No. 10.) This action proceeds on Plaintiff's First Amended Complaint filed on December 2, 2013. (ECF No. 11.)

Plaintiff has consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF No. 4.) For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.

/ / /

/ / /

1

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

Plaintiff names Sedlezky (correctional officer), Atkinson (correctional officer), and Oddie (correctional officer) as defendants in this action (all defendants collectively referred to as

1  "Defendants").

2  Plaintiff alleges that on June 14, 2011, Plaintiff informed Defendant Atkinson that the
3  meal he received was not vegetarian and asked to speak with the staff members in charge of
4  making the meal trays. (First Am. Compl. 2.) At first, Atkinson agreed, but then came back and
5  argued with Plaintiff over whether the meal tray was vegetarian. (First Am. Compl. 2.) Plaintiff
6  then refused to give up his meal tray until someone came to see that it was not vegetarian. (First
7  Am. Compl. 2.) Atkinson then left and Defendant Sedlezky arrived. (First Am. Compl. 2.)
8  Plaintiff requested to talk to a sergeant, but Sedlezky said that he would not call a sergeant and
9  ordered Plaintiff to surrender his meal tray. (First Am. Compl. 2.) Plaintiff refused to surrender
10 his meal tray unless it was to a sergeant and Sedlezky and Atkinson went to talk to Defendant
11 Oddie, who was in the control tower. (First Am. Compl. 2.) Sedlezky and Atkinson again
12 ordered Plaintiff to surrender the meal tray and Plaintiff refused. (First Am. Compl. 2.) Akinson
13 then told Oddie to open Plaintiff's cell door and retrieved Plaintiff's meal tray. (First Am.
14 Compl. 2.)

15 Plaintiff then began covering the windows to his cell with paper. (First Am. Compl. 2.)
16 Sedlezky and Atkinson ordered Plaintiff to take the paper off the window. (First Am. Compl. 3.)
17 Plaintiff refused to comply. (First Am. Compl. 3.) Atkinson ordered Oddie to open the cell door
18 again and Sedlezky sprayed Plaintiff with a can of pepper spray. (First Am. Compl. 3.) Plaintiff
19 also contends than Atkinson pepper sprayed Plaintiff's cellmate with a can of pepper spray
20 despite the fact that Plaintiff's cellmate was on his bunk doing nothing. (First Am. Compl. 3.)
21 Plaintiff alleges that Atkinson and Sedlezky falsified their report to cover up their misconduct.
22 (First Am. Compl. 3.)

23 **IV.**

24 **DISCUSSION**

25 **A.  Eighth Amendment Claims**

26 Plaintiff contends that Defendants violated his rights under the Cruel and Unusual
27 Punishments Clause of the Eighth Amendment. To constitute cruel and unusual punishment in
28 violation of the Eighth Amendment, prison conditions must involve "the wanton and

3

1  unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  In the context
2  of claims of the use of excessive force, the core inquiry is "whether force was applied in a good
3  faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose
4  of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (internal quotations omitted).  In
5  making that determination, the Court looks to 1) whether the use of force could plausibly have
6  been thought necessary in a particular situation, 2) the need and the amount of force used, 3) the
7  threat reasonably perceived by the responsible officials, and 4) any efforts made to temper the
8  severity of a forceful response. Id. at 7.

9  Plaintiff's complaint does not contain sufficient factual allegations that plausibly support
10 the conclusion that Defendants applied force maliciously and sadistically for the very purpose of
11 causing harm.  Plaintiff alleges that he twice refused to comply with orders from the correctional
12 officer, first when Plaintiff attempted to hold his food tray hostage in order to speak with the
13 staff that prepared his meal or with a sergeant, then again immediately afterwards when Plaintiff
14 covered the windows to his cell with paper.  Further, Defendants made efforts to temper the
15 severity of a forceful response by ordering Plaintiff to comply with their requests to surrender the
16 food tray and to take down the paper from the windows.  Accordingly, Defendants gave Plaintiff
17 the choice to avoid the need for a forceful response by simply complying with their requests.
18 The Court finds that Plaintiff's allegations do not rise to the level of an Eighth Amendment
19 violation.

20  **B.  Dismissal Without Leave to Amend**

21 Generally, leave to amend a dismissed complaint should be granted if it appears at all
22 possible that the plaintiff can correct the defects in the complaint. Lopez v. Smith, 203 F.3d
23 1122, 1130 (9th Cir. 2000).  However, leave to amend may be denied when a plaintiff was
24 previously notified of the deficiencies in his claims but did not cure them. See Chodos v. West
25 Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

26 Here, Plaintiff was previously informed of the deficiencies in his claims and his First
27 Amended Complaint failed to cure them.  Accordingly, the Court will dismiss Plaintiff's First
28 Amended Complaint without leave to amend.

**V.**

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims. Moreover, the Court finds that leave to amend should be denied because Plaintiff's claims cannot be cured by granting further leave to amend.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint be DISMISSED, without leave to amend, for failure to state a claim; and

2. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **January 24, 2014**

UNITED STATES MAGISTRATE JUDGE